1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOAN BROWN KEARNEY,              )    Civil No. 05-CV-2112-L(LSP)
                                      )
12              Plaintiff,            )    **ORDER GRANTING MOTION TO**
                                      )    **DISMISS [doc. #8]; GRANTING**
13   v.                               )    **MOTIONS TO STRIKE SIXTH AND**
                                      )    **SEVENTH CAUSES OF ACTION**
14   FOLEY AND LARDNER, *et al.*,     )    **[doc. #13, 15]**
                                      )
15              Defendants.           )
                                      )
16   _____  )

17          Defendant Michael T. McCarthy[1] moves to dismiss [doc. #8], to strike the complaint

18   [doc. #13], and to strike plaintiff's sixth and seventh causes of action [doc. #15].  Plaintiff

19   opposes the motions.  For the reasons set forth below, the Court enters the following decision.

20                     **FACTUAL AND PROCEDURAL BACKGROUND**

21          Plaintiff is the former owner of a 52.06 acre parcel of land in Ramona, California.  The

22   Ramona Unified School District ("District" or "RUSD") Board adopted a resolution declaring it

23   necessary to acquire plaintiff's property through eminent domain proceedings for construction of

24   a new school.  Defendant McCarthy was an assistant superintendent of the RUSD during the

25   time at issue in the underlying condemnation proceeding.  The District was granted an order

26   _____

27          [1]     Other defendants include the law firm of Foley and Lardner, LLC, and two
     individuals,  Moser and Marshall, who were Foley partners during the relevant time and who
28   represented the District in the eminent domain action.  These defendants have filed motions to
     dismiss and to strike that are the subject of a separate order.

1   authorizing it to take possession of the property on December 29, 2000.

2          The condemnation trial began on April 29, 2002 and ended on May 9, 2002.  At issue in

3   the trial was the fair market value of the property which is the highest price on the date of

4   valuation that would be agreed to by the seller.  (CAL. CODE CIV. P. 1263.320).  The fair market

5   value was determined by residential use of the property and how many buildings could be built

6   on the property.  The number of buildings was dependent upon the number of septic systems

7   permitted which was dependent upon how well the soil would percolate.  (FAC ¶28),   The jury

8   awarded plaintiff $953,000 as the fair market value of her property.

9          Soon thereafter, plaintiff filed a motion for new trial contending that the District's counsel

10   wrongfully argued that the District had not performed percolation ("perc") tests on her property

11   even though the District had expended money to conduct such a test.  The motion was denied

12   with the trial court noting there was no evidence that the District withheld any information.

13   Plaintiff then appealed that decision denying her motion for a new trial.  On March 3, 2004, the

14   California Court of Appeal, Fourth Appellate District, affirmed the judgment of the Superior

15   Court.

16          During the time plaintiff's appeal was pending, she filed a motion to set aside the

17   judgment and to grant her a new trial on the ground that the District and its counsel had

18   concealed evidence of the perc tests.  The trial court denied plaintiff's motion finding it had no

19   jurisdiction because of plaintiff's then-pending appeal.

20          Plaintiff filed another motion for reconsideration of the trial court's order denying its

21   motion to set aside the judgment.  Again the court denied the motion for lack of jurisdiction.

22          Plaintiff filed a notice of appeal challenging the motion to set aside the judgment and the

23   motion for reconsideration.  The appeal was a petition for writ of *error coram vobis*.  The court

24   of appeals took up all the appellate matters and affirmed the judgment denying plaintiff's motion

25   for a new trial; affirmed the denial of the motion to set aside the judgment; and denied the appeal

26   for *writ of coram vobis*.  The court of appeals denied a petition for rehearing.  Plaintiff then

27   petitioned the California Supreme Court for review.  On May 19, 2004, the Supreme Court

28   denied review.

On January 20, 2006, plaintiff filed a First Amended Complaint in this Court alleging two federal statutory claims, RICO and 42 U.S.C. § 1983, against McCarty based on his having brought a condemnation action on behalf of the RUSD.  Plaintiff also brings claims of spoliation of evidence; and *prima facie* tort against McCarty.  Defendant McCarty is allegedly sued in his individual capacity although he contends that his actions were taken in his official capacity on behalf of the District which is not a named defendant in this action.

## MOTION TO DISMISS

**A.    MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION**

**1.    *Noerr-Pennington* Doctrine**

Defendant McCarty contends plaintiff's RICO and violation of constitutional rights under 42 U.S.C. § 1983 causes of action must be dismissed under the *Noerr-Pennington* doctrine.

The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.  *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000)).

In the litigation context, petitions sent directly to the court in the course of litigation, and also "conduct incidental to the prosecution of the suit" are protected by the *Noerr-Pennington* doctrine.  *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991) (" *PRE I* "), aff'd, 508 U.S. 49, 113 S. Ct. 1920 (1993); *see also Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

In *Freeman*, the plaintiff brought suit alleging that discovery misconduct in related litigation constituted a violation of the antitrust laws.  *Id.* at 1183.  The Ninth Circuit held that discovery communications, while not themselves petitions, constitute "conduct incidental to a petition." *Id.* at 1184 (internal quotation marks omitted).  Thus, the court of appeals concluded that "unless the underlying petition itself fell outside the protection of the right of petition, these communications come within the *Noerr-Pennington* doctrine." *Id.*

3

1    The Ninth Circuit also has concluded that "the *Noerr-Pennington* doctrine stands for a

2    generic rule of statutory construction, applicable to any statutory interpretation that could

3    implicate the rights protected by the Petition Clause."  *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 937

4    (9th Cir. 2006)(*Noerr-Pennington* immunity extends to actions seeking to impose RICO

5    liability); *see also White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) (holding that because it "is

6    based on and implements the First Amendment right to petition," the *Noerr-Pennington* doctrine

7    is not limited to the antitrust context, but "applies equally in all contexts").  "Under the

8    *Noerr-Pennington* rule of statutory construction, we must construe federal statutes so as to avoid

9    burdening conduct that implicates the protections afforded by the Petition Clause unless the

10   statute clearly provides otherwise."  *Sosa*, 437 F.3d at 937.  Moreover, "the law of this circuit

11   establishes that communications between private parties are sufficiently within the protection of

12   the Petition Clause to trigger the *Noerr-Pennington* doctrine, so long as they are sufficiently

13   related to petitioning activity."  *Id.*

14        Plaintiff contends that the *Noerr-Pennington* doctrine should not be applied in this

15   circumstance because McCarty's conduct does not qualify as conduct in furtherance of his right

16   to petition.  Plaintiff further contends that even if her claims fall within the *Noerr-Pennington*

17   doctrine in these circumstances, the "sham litigation" exception to the doctrine is applicable

18   here.

19        As alleged in her FAC, plaintiff's two federal statutory claims against McCarty are based

20   exclusively on actions and communications he allegedly engaged in during the course of the

21   eminent domain process and while prosecuting the condemnation action which resulted in her

22   not receiving fair market value for her property in the condemnation action.   Plaintiff

23   specifically alleges that McCarty"engaged in various conduct designed to defraud plaintiff of her

24   property for less than fair market value, including, concealing material evidence, improperly

25   withholding documents pursuant to Plaintiff's CPRA requests, and instructing RUSD's

26   engineers not to prepare a report that would have been favorable to plaintiff."  (Opp. at 3).

27        Even reading plaintiff's claims broadly, plaintiff's contentions of federal statutory

28   wrongdoing on the part of defendant McCarty are part of petitioning the government for redress

1   or are incidental to the prosecution of a legal action, namely, the eminent domain proceedings

2   that resulted in an action to determine the fair market value of plaintiff's property.  Accordingly,

3   construing plaintiff's allegations in her favor, her RICO and 42 U.S.C. § 1983 claims fall within

4   the *Noerr-Pennington* doctrine.  Thus, plaintiff must rely on the "sham litigation" exception to

5   the doctrine to overcome defendants' motion to dismiss.

6         The Ninth Circuit noted in the context of an antitrust case, that this circuit recognizes

7   three categories of behavior that can amount to a sham and, therefore, fall outside the protection

8   of the *Noerr-Pennington* doctrine.  *Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056 (9th Cir.

9   1998).  Here, plaintiff relies on the third category: "if the alleged [federal statutory violations]

10  behavior consists of making intentional misrepresentations to the court, litigation can be deemed

11  a sham if "a party's knowing fraud upon, or its intentional misrepresentations to, the court

12  deprive the litigation of its legitimacy."  *Liberty Lake Inv., Inc. v. Magnuson*, 12 F.3d 155, 158

13  (9th Cir. 1993); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240,

14  1260 (9th Cir. 1982).  The Supreme Court has held that "sham litigation must constitute the

15  pursuit of claims so baseless that no reasonable litigant could realistically expect to secure

16  favorable relief."  *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508

17  U.S. 49, 62 (1993).

18        Plaintiff's FAC and her opposition to defendant's motion fail to adequately allege this

19  variant of the sham exception.  Here, plaintiff bases her FAC around defendant McCarty's

20  alleged suppression of perc tests and instruction to RUSD's engineers not to prepare a narrative

21  analysis of the perc tests.  But as the trial court noted, plaintiff was on notice of possible perc

22  tests conducted by the RUSD during the time for discovery, prior to the condemnation trial.

23  Plaintiff supported her motion for new trial with a District budget document for the new school

24  dated November 29, 2001, that was provided to plaintiff during discovery, which suggested that

25  the District paid $16,676.69 to an engineering firm for "Septic System testing & Layout" for the

26  subject property.  As the trial court discussed, plaintiff could have secured further information

27  about the District's expenditure and possible perc tests but:

28          [Kearney] did not want to have a bunch of [percolation] information here.

1      [Kearney] wanted enough [percolation] information to appropriately suggest to the
2      jury that the entire property would have perked . . . but I must tell you, [Kearney's
counsel], . . . that I am terribly disappointed to see a motion alleging misconduct
and intentional suppression of evidence on the part of opposing counsel . . . I find
3      no evidence before me that there was any withholding of information on the part of
[the District] in this case.  I find that there is . . . nothing in the record to indicate
4      misconduct on the part of [District's counsel].

(Defendants' Exh. 2 at 5, Decision of the Court of Appeal, Fourth Appellate District filed March

3, 2004)

      In upholding the trial court's denial of plaintiff's motion for new trial, the court of appeals

agreed that the suggested evidence of misconduct on the part of defendants was available to

plaintiff prior to the condemnation proceeding but plaintiff failed to pursue the information.

      Furthermore, Kearney as not shown that she was prevented from having a fair trial
based on the assertions of the District that there were no percolation tests on the
Property other than those conducted on behalf of Kearney.  Kearney obtained
during pretrial discovery evidence that District had paid approximately $4,000 for
percolation tests of the Property, minutes of District's board stating percolation
tests on the Property had been completed, and deposition testimony from District's
employee McCarty that percolation tests of the Property had been completed.
However, the parties agree that with this pretrial information Kearney made no
discovery requests for the results of those tests, even though there was ample time
before trial to pursue additional discovery.

*Id.* at 12.

      Having reviewed the record, including the trial and appellate courts' decisions of no

misconduct on the part of any defendant, plaintiff has not supported her position that McCarty

alleged acts deprived the condemnation proceeding of its legitimacy.  Accordingly, plaintiff has

not provided a factual or legal basis for the Court to find that the sham litigation exception to the

*Noerr-Pennington* doctrine is applicable.[2]  Based on the foregoing, the Court will grant

defendant McCarty's motion to dismiss plaintiff's first and third causes of action.

. . .

---

      [2]    Because the Court finds that the *Noerr-Pennington* doctrine is applicable, the
Court will not address the legal sufficiency of plaintiff's allegations with respect to her federal
statutory claims under Federal Rule of Civil Procedure 12(b)(6).

1  **B.      DEFENDANT McCARTY'S SPECIAL MOTION TO STRIKE SIXTH AND**

2  **SEVENTH CAUSES OF ACTION[3]**

3        Plaintiff's sixth and seventh causes of action allege state law claims for spoliation of

4  evidence, and *prima facie* tort.   Defendant contends these causes of action must be stricken

5  because they are based on conduct in furtherance of the eminent domain proceeding and

6  therefore, are subject to California Civil Procedure Code section 425.16, known as the anti-

7  SLAPP statute.[4]  In relevant part, this statute provides:

8        A cause of action against a person arising from any act of that person in
       furtherance of the person's right of petition or free speech under the United States
9        or California Constitution in connection with a public issue shall be subject to a
       special motion to strike, unless the court determines that the plaintiff has
10       established that there is a probability that the plaintiff will prevail on the claim.

11  CAL. CODE CIV. PROC., § 425.16(b)(1).

12        An "act in furtherance of a person's right of petition or free speech under the United

13  States or California Constitution in connection with a public issue" includes:

14        (1) any written or oral statement or writing made before a legislative, executive, or
       judicial proceeding, or any other official proceeding authorized by law; (2) any
15       written or oral statement or writing made in connection with an issue under
       consideration or review by a legislative, executive, or judicial body, or any other
16       official proceeding authorized by law; (3) any written or oral statement or writing
       made in a place open to the public or a public forum in connection with an issue of
17       public interest; (4) or any other conduct in furtherance of the exercise of the
       constitutional right of petition or the constitutional right of free speech in
18       connection with a public issue or an issue of public interest.

19
   CAL. CIV. PROC. CODE, § 425.16(e).
20
         Analysis of an anti-SLAPP motion involves a two-step process.  First, the defendant must
21
   show that the lawsuit challenges First Amendment speech protected by California Code of Civil
22
   Procedure section 425.16.  CAL. CIV. PROC. CODE § 425.16(b)(1); *Braun v. Chronicle Pub. Co.*,
23
   52 Cal. App. 4th 1036, 1043 (1997).  "A defendant meets this burden by demonstrating that the
24

25        [3]      Defendant's special motion to strike the complaint and special motion to strike the

26  sixth and seventh causes of action are essentially duplicative.  The Court focuses on defendant's
   motion to strike the sixth and seventh causes of action because plaintiff's first and third causes of
27  action are dismissed under the *Noerr-Pennington* doctrine.

28        [4]      SLAPP stands for "strategic lawsuit against public participation."  *Briggs v. Eden
   Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 n.1 (1999).

05cv2112

1   act underlying the plaintiff's cause fits one of the categories spelled out in subdivision (e)."

2   *Braun*, 52 Cal. App. 4th at 1043.  If the court finds the defendant has met this requirement, it

3   must then determine whether the plaintiff has demonstrated a probability of prevailing on the

4   merits.  *DuPont Merck Pharm. Co. v. Superior Court*, 78 Cal. App. 4th 562, 567 (2000).  To

5   establish a probability of prevailing, the plaintiff must show that "the complaint is both legally

6   sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable

7   judgment if the evidence submitted by the plaintiff is credited."  *Navellier v. Sletten*, 29 Cal. 4th

8   82, 88-89 (2002)(citing *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821, (2002)

9   (quoting *Matson v. Dvorak,* 40 Cal. App. 4th 539, 548, 46 Cal. Rptr. 2d 880 (1995)).

10              **a.    Protected Speech**

11          McCarty contends that his alleged wrongful activities were in furtherance of the eminent

12   domain proceeding, including the condemnation trial, and accordingly his activities are covered

13   by the First Amendment right to petition the government.  Although conceding that acts based in

14   furtherance of litigation may be subject to dismissal under the anti-SLAPP statute, plaintiff

15   argues that the anti-SLAPP statute is not applicable to her state law claims against McCarty

16   because the claims are based on actions that he took that were not in furtherance of his free

17   speech or petition rights.  (Opp. at 5).  Instead, according to plaintiff, defendant McCarty signed

18   a contract with an engineering company to conduct perc tests on plaintiff's property to provide a

19   report but then suppressed the District's percolation tests and, on information and belief,

20   instructed the District's engineering firm not to prepare a narrative analysis of the tests for the

21   purpose of supporting a lower fair market value for plaintiff's property during the condemnation

22   proceeding.  Further, plaintiff states that her *prima facie* tort claim should be recognized under

23   the specific facts of this case based on violation of duty set forth in *City of Los Angeles v.*

24   *Decker*, 18 Cal. 3d 860 (1977).  In her opposition to McCarty's motion, plaintiff does not

25   distinguished the alleged acts of McCarty from those of the other defendants but merely

26   contends that she "has stated a prima facie tort claim supported by evidence sufficient to sustain

27   a judgment in Plaintiff's favor."  (Opp. at 7).

28          Having reviewed the FAC, all of plaintiff's contentions about McCarty's alleged

wrongful actions fall within the scope of petitioning conduct subject to anti-SLAPP protection. "[I]t is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies . . . ." *Martinez v. Metabolife Internat. Inc*., 113 Cal. App. 4th 181, 188 (2003). Here, defendant has met his threshold burden of demonstrating that plaintiff's state law claims arise from the type of constitutionally protected speech and petition activity protected by California Code of Civil Procedure section 425.16. Defendant McCarty is being sued because of actions taken or not taken with respect to the eminent domain process and the condemnation proceeding which are protected speech. Thus, plaintiff's state law claims meet the first prong of the anti-SLAPP statute.

### b.    Probability of Prevailing on the Merits

Once a defendant has satisfied his initial burden of demonstrating the targeted actions are ones arising from protected activity, plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Navellier,* 29 Cal. 4th at 88-89. Thus, even though McCarty has made the threshold showing that plaintiff's state law claims arise from statutorily protected activity, plaintiff may defeat the anti-SLAPP motion by establishing a probability of prevailing on her claims. *Navellier*, 29 Cal. 4th at 95. To satisfy this prong, the plaintiff must "state[ ] and substantiate[ ] a legally sufficient claim." *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 412 (1996).

As the *Wilson* Court further explained:

> In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.

*Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002) (citing § 425.16(b)(2)).

### 1.    Spoliation of Evidence

Defendant correctly notes that California does not recognize the tort of spoliation of evidence when the spoliation was or should have been discovered before the conclusion of

litigation.  In *Cedars-Sinai Medical Center v. Superior Court,* 18 Cal.4th 1, 4 (1998) and in *Temple Community Hospital v. Superior Court,*  20 Cal.4th 464, 466 (1999), the courts held that there is no separate tort for the intentional spoliation of evidence.   "This conclusion [is] consistent with the philosophy that there should be no litigation-related torts other than malicious prosecution." *Temple Community Hospital,* 20 Cal. 4th at 471.  Thus, tort claims also may not be maintained for concealment or withholding of evidence. *Cedars-Sinai,* 18 Cal. 4th at 10.   Moreover, courts have determined that there is no tort for negligent spoliation of evidence. *Coprich v. Superior Court*, 80 Cal. App.4th 1081 (2000); *Lueter v. State of California*, 94 Cal. App.4th 1285, 1289 (2002); *but see, Penn v. Prestige Stations, Inc.* 83 Cal. App.4th 336, 344-345 (2000).  Further, as the trial and appellate courts determined after examining plaintiff's evidence in support of her motion for new trial, defendant did not withhold evidence from plaintiff and plaintiff could have discovered the evidence during discovery and before the conclusion of litigation.  *See* Notice of lodgments in support of McCarty's motion to dismiss and special motion to strike, Exh. B at 12, Decision of the Court of Appeal.  Therefore, plaintiff has not made a showing of a legally sufficient claim to sustain a favorable judgment even if the evidence submitted by the plaintiff is credited.  Accordingly, this claim must be stricken under §425.16.

## 2.   *Prima Facie* Tort

McCarty contends that *prima facie* tort is not recognized in California citing *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 385-93 (1995).  Moreover, because this claim arises out of conduct that occurred in furtherance of the condemnation action, defendant contend correctly that this claim is barred by the *Noerr-Pennington* doctrine and California's litigation privilege.   Nevertheless, plaintiff argues that the *prima facie* tort claim is appropriately alleged and supported relying on the case of *City of Los Angeles v. Decker*, 18 Cal. 3d 860 (1977).  In *Decker,* the court reversed an eminent domain judgment and ordered a new trial because of admitted discovery misconduct by the defendant city.  *Id.* at 871.   *Decker*, however, does not support a separate action against legal counsel for alleged discovery irregularities.  Rather, *Decker* supports the granting of a motion for new trial where there was admitted

discovery abuse brought to the attention of the trial court.

As in *Decker*, plaintiff here sought a new trial based on alleged withholding of discovery materials. The trial court reviewed plaintiff's claim and denied her motion for new trial finding no wrongdoing on the part of any defendant. The denial of her motion for new trial was upheld by the court of appeals. Again, plaintiff has failed to present a legally sufficient claim to support a favorable judgment and plaintiff's *prima facie* tort claim must be stricken under the anti-SLAPP statute.

### Conclusion

Based on the foregoing, **IT IS ORDERED** granting with prejudice defendant McCarty's motion to dismiss plaintiff's first and third causes of action. [doc. #8]

**IT IS FURTHER ORDERED** granting McCarty's special motions to strike sixth and seventh causes of action. [doc. #13, 15].

**IT IS SO ORDERED.**

DATED:  March 28, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

05cv2112