UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN BROWN KEARNEY,<br><br>        Plaintiff,<br><br>v.<br><br>FOLEY AND LARDNER, *et al.*,<br><br>        Defendants. | Civil No. 05-CV-2112-L(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION FOR ATTORNEYS' FEES [doc. #50]** |

Defendants Foley and Lardner, LLC, and two individuals, Gregory V. Moser and Larry L. Marshall (collectively "Foley" or "defendants")[1] seek attorneys' fees in the amount of $118,331.25 as the prevailing parties in the above-captioned case. Plaintiff opposes the motion contending it is untimely, seeks excessive fees, and attempts to obtain attorneys' fees for the entire action rather than just that portion of fees associated with the motion to strike brought under the anti-SLAPP[2] statute. For the reasons set forth below, the Court enters the following decision.

---

[1] Defendant Michael T. McCarty filed his motion for attorneys' fees [doc. #60] that is addressed in a separate order.

[2] SLAPP is an acronym for "strategic lawsuit against public participation." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 n.1 (1999). The purpose of the statute, California Code of Civil Procedure §325.16, is to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2006, plaintiff filed a First Amended Complaint ("FAC") in this Court alleging violations of RICO, conspiracy to violate RICO and constitutional rights under 42 U.S.C. § 1983, and state law claims for fraud, fraud and deceit by suppression of fact, spoliation of evidence, and *prima facie* tort against the Foley defendants. In response to the FAC, defendants filed a motion to dismiss the federal causes of action under Federal Rule of Civil Procedure 12(b)(6) [doc. #16], and a special motion to strike the state law causes of action as being subject to the anti-SLAPP statute [doc. #18].

After full briefing, the Court granted defendants' motion to dismiss the federal causes of action finding that the *Noerr-Pennington* doctrine[3] was applicable. The Court also granted defendants' motion to strike the state law causes of action finding that the state law claims were based on conduct in furtherance of the underlying eminent domain proceeding and therefore, were subject to the anti-SLAPP statute. The Court further found plaintiff had failed to make a showing of legally sufficient claims to sustain a favorable judgment even if the evidence submitted by plaintiff was credited. (Order filed March 28, 2007 [doc. #40]).

## ATTORNEYS' FEES UNDER ANTI-SLAPP STATUTE

California's anti-SLAPP statute provides a mechanism for a defendant to strike civil actions or claims brought primarily to chill the exercise of free speech. CODE CIV. P. § 425.16(b)(1). In order to deter such chilling, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CODE CIV. P. § 425.16(c).

---

[3] The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000)). The anti-SLAPP statute provides in relevant part:
> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CAL. CODE CIV. PROC., § 425.16(b)(1).
Thus, the *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute.

1 Thus, it is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP
2 movant is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 104 Cal. Rptr.2d 377 (2001).
3 "[A]bsent circumstances rendering an award unjust, the fee should ordinarily include
4 compensation for all hours reasonably spent, including those relating solely to [obtaining] the fee
5 [award]*." Serrano v. Unruh*, 32 Cal. 3d 621, 624, 186 Cal. Rptr. 754 (1982) (applying
6 CAL.CODE CIV. P. § 1021.5) (cited in *Ketchum*, 24 Cal. 4th at 1141). An award of attorney fees
7 and costs must be reasonable. CODE CIV. P. § 425.16.
8 The fee provision of the anti-SLAPP statute is applied in federal court. *Metabolife*
9 *Intern., Inc. v. Wornick*, 213 F. Supp.2d 1220 (S.D. Cal.2002); *see also United States v.*
10 *Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999)(the California
11 anti-SLAPP statute should be applied in federal court as it is in state court.).

**DISCUSSION**

**1.     Timeliness of the Motion**

14 Plaintiff first contends that defendants' motion for attorneys' fees should be denied as
15 untimely, *i.e.,* the motion was filed after the time required under Federal Rule of Civil Procedure
16 54. Defendants argue that Rule 54 is not applicable here. Because attorneys' fees are mandatory
17 and therefore, a substantive right under the anti-SLAPP statute, the time for filing a fee
18 application is governed by California law rather than federal procedural law based on *Erie R.*
19 *Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Under Rule 54(d), a motion for attorneys' fees
20 must be filed "no later than 14 days after entry of judgment." California law provides that a fee
21 application must be filed before the earlier of 60 days after service of entry of judgment or 180
22 days after entry of judgment. CIV. RULES 3.1700(b)(1); 8.104[4]

---

[4]   Civil Rule 3.1700(b)(1) provides:
A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment in the trial court-- must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108.

Civil Rule 8.104 provides:
Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:
(1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a file-stamped copy of the

The Court notes that whether Rule 54 or the California rule is applicable concerning the time in which a motion for attorneys' fees is due, the Court granted defendants' motion for an extension of time in which to file their motion for attorneys' fees. *See* Order filed June 21, 2007 [doc. #69]. In that Order, the Court determined that Rule 54 was applicable and therefore, the filing of defendants' motion for attorneys' fees was late. But the Court further found, relying on and applying the analysis set forth in *Pincay v. Andrews,* 389 F.3d 853 (9th Cir. 2004)(*en banc*), that defendants had demonstrated excusable neglect under Federal Rule of Civil Procedure 6(b)(2), and plaintiff would suffer no prejudice if an extension of time was granted. Thus, the Court granted defendants' motion for extension of time in which to file their motion for attorneys' fees. Accordingly, plaintiff's argument that defendants' motion for attorneys' fees is untimely is without merit.

**2.     Excessive Fees**

**a.     Entitlement to Full Fees Requested**

Plaintiff does not dispute that defendants are entitled to an award of attorney's fees for their successful motion to strike under the anti-SLAPP statute. But she contends that defendants should not recover any attorneys' fees for arguments that were unnecessary to prevail on the anti-SLAPP motion. Thus, plaintiff argues that defendants may only recover fees for work specifically performed in preparing their motion to strike but all other aspects of defendants' motion practice should be excluded from consideration of an award of attorney's fees. *See Lafayette Morehouse, Inc. v. Chronicle Publishing Co.,* 39 Cal. App. 4th 1379 (1995).

Where a complaint contains both anti-SLAPP and non-anti-SLAPP causes of action, *e.g.,* federal claims, the SLAPP claims alone may be stricken and a motion to dismiss may be directed to the non-SLAPP causes of action. *See Summit Media LLC v. City of Los Angeles, CA,* 2008 WL 110604 *8 (C.D. Cal. January 2, 2008); *Globetrotter Software, Inc. v. Elan Computer*

---

judgment, showing the date either was mailed;
(2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or
(3) 180 days after entry of judgment.

*Group. Inc.*, 63 F. Supp.2d 1127, 1130 (N.D. Cal. 1999)(the anti-SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights.; *In re Bah*, 321 B.R. 41, 46 (9th Cir. BAP 2005) ("We . . . agree with the *Globetrotter* court that the anti-SLAPP statute may not be applied to matters involving federal questions . . ."); *see also New Net, Inc. v. Lavasoft*, 356 F. Supp.2d 1090, 1099-100 (C.D. Cal. 2004)("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint."). In the present case, it is beyond dispute that defendants were required to file a separate motion to dismiss plaintiff's federal causes of action.[5]

Defendants contend that because the factual basis and the legal arguments in support of their motions to strike under the anti-SLAPP statute and to dismiss the federal claims are inextricably intertwined, *i.e.,* all of plaintiff's claims involve a common core of facts and are based on related legal theories, all the fees in preparing the motion to strike and to dismiss should be recoverable because they were "in connection with" the motion to strike and were "necessary to prevail." *Metabolife Int'l Inc. v. Wornick*, 213 F. Supp.2d 1220, 1221-24 (S.D. Cal. 2002); *see also Reynolds Metals Co. v. Alperson* (1979). Because of the substantive convergence of the legal arguments in the motions to strike and to dismiss, defendants argue attorneys' fees need not be apportioned between the motions. *See Hadley v. Krepel*, 167 Cal. App. 3d 677, 685-86 (1985)(citing *Hensley v. Eckerhart* 461 U.S. 424, 434-435 (1983); *Fed-Mart Corp. v. Pell Enterprises, Inc.*, 111 Cal. App.3d 215, 227-228 (1980).

Plaintiff relies exclusively on the *Lafayette Morehouse* case to support her argument that no fees should be awarded based on defendants' separate motion to dismiss. But *Lafayette Morehouse* is unavailing – it has been superseded by statute as stated in *Metabolife*:

> Additionally, the California Legislature amended the anti-SLAPP statute in 1997, mandating that the statute be "construed broadly." *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1119, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999). *Lafayette Morehouse*, decided in 1995, predates the amendment mandating broad construction.

*Metabolife*, 213 F. Supp.2d at 1223-24. Accordingly, the Court is mindful that the anti-SLAPP

---

[5] As noted above, plaintiff's federal claims alleged violations of RICO, conspiracy to violate RICO, and violation of constitutional rights under 42 U.S.C. § 1983.

statute must be "construed broadly," *Briggs*, 19 Cal.4th at 1106, and "the court has broad discretion in determining the reasonable amount of attorney fees and costs to award a prevailing defendant." *Metabolife*, 213 F. Supp.2d at 1222.

Defendants' motions to strike and to dismiss were based entirely on a common factual scenario: all of plaintiff's claims were based exclusively on actions and communications defendants allegedly engaged in during the course of the underlying eminent domain process and while prosecuting the condemnation action. Both motions challenged plaintiff's claims by relying upon the *Noerr-Pennington* doctrine and/or the related litigation privilege. Defendants and the Court were required, however, to address other issues concerning plaintiff's claims. Had defendants not address those other issues, they may have waived the defenses. Nevertheless, a central focus of defendants' motions and the Court's Order was the applicability of the *Noerr-Pennington* doctrine and/or litigation privilege to plaintiff's claims; therefore, some of defendants' fees were inextricably intertwined, *i.e.,* were incurred for addressing common legal issues. All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned. But mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined.

Cases in which the prevailing defendants were granted an award of all fees are those where the defendants were successful in either extricating themselves from the lawsuit or eliminating one or more claims in their entirety. *See, e.g., Metabolife*, 213 F.Supp.2d 1220; *Church of Scientology v. Wollersheim*, 42 Cal. App.4th 628, 49 Cal. Rptr.2d 620 (1996). Here, because defendants achieved the dismissal of all of plaintiff's claims – both state and federal claims on some of the same or similar legal grounds – awarding defendants all of their attorneys' fees associated with the right to petition, would advance the public policy underlying the anti-SLAPP statute, which was enacted "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife*, 264 F.3d at 839.

Finally, plaintiff should not be permitted to avoid imposition of attorneys' fees for a

motion to dismiss when the factual and some legal bases for the claims are inextricably intertwined as they are in the present action.

Accordingly, the Court finds and concludes defendants are entitled to reasonable attorneys' fees for their motion to dismiss the federal claims insofar as the work preformed on their dismissal motion was premised on the *Noerr-Pennington* doctrine and/or litigation privilege but not otherwise. In other words, defendants' arguments concerning separate and distinct defenses[6] concerning RICO, conspiracy to commit RICO violations, and section 1983 raised in the motion to dismiss, will not be awarded, but all other fees will be. Of course, all reasonable attorneys' fees associated with the entirety of defendants' motion to strike will be awarded.

### b.   Amount of Fees

Although an award of attorney fees is mandatory under the anti-SLAPP statute, the amount of such fees is discretionary. *See Metabolife*, 213 F. Supp.2d at 1222. "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.]" *Wilkerson v. Sullivan*, 99 Cal. App.4th 443, 448 (2002). The Court must have "substantial evidence" to support the fee award. *Macias v. Hartwell*, 55 Cal. App.4th 669, 676(1997) (citing *Church of Scientology of California v. Wollersheim*, 42 Cal. App.4th 628, 658-59 (1996). *Church of Scientology*, 42 Cal. App.4th at 658-59). The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F. 3d 1291, 1305-06 (9th Cir. 1994). An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Reasonableness depends in part on "the success of the attorney's efforts." *Church of Scientology*, 42 Cal.App.4th at 659.

Defendants seek attorney's fees in the amount of $118,331.25, based on 330.75 hours

---

[6] Defendant argued that plaintiff's section 1983 claim was barred by the statute of limitations; and her RICO claims were not adequately pleaded. *See* defendants' motion [doc. #17].

incurred in working on this matter prior to the granting of defendants' motions and in preparing the present motion for attorneys' fees. As discussed above, defendant is entitled to recover all reasonable attorney's fees incurred in bringing his successful motion to strike and all reasonable fees associated with his motion to dismiss to the extent the motion was premised on the *Noerr-Pennington* doctrine and/or the litigation privilege. *See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App.4th 777, 785, 54 Cal. Rptr.2d 830 (1996). The remaining issue, therefore, is whether the amount of fees requested is reasonable. Plaintiff opposes the amount requested and hours expended as being excessive particularly when compared to the amount sought by counsel for the individual defendant McCarty.

A reasonable fee is determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler,* 22 Cal.4th 1084, 1095 (2000).

In support of their motion for attorneys' fees, defendants provide the declaration of Mark C. Zebrowski who is the lead counsel on this case. Zebrowski, two associates and a paralegal were substantially involved in the motion practice. (Zebrowski Decl., ¶ 4). Counsel states they provided a reduced rate for their clients[7] and defendants' motion for attorneys' fees is based upon those discounted rates. Defendants do not provide any evidence, however, that their fees, even at the reduced fees, are the prevailing rate in San Diego for this type of case. Plaintiff contends that defendants' counsel's rate is excessive particularly when compared to co-defendant McCarty's counsel's fees. In his motion for attorneys' fees, McCarty requests $42,802.00 for 233.3 hours of work. [doc. #60]. Although not her burden, plaintiff has not shown that McCarty's counsel's rate is the prevailing rate under the circumstances presented. Thus, the Court cannot determine with assuredness the prevailing rate for counsel in the San Diego area. On this basis alone, the Court will deny defendants' motion for attorneys' fees.

---

[7] Counsel's discounted rates are $550 per hour for Zebrowski; $327.60 for Klawitter; $259.35 for Buccigross; and $168.36 for paralegal Na.

The Court also finds many of defense counsels' time records to be exceedingly vague. The Court cannot determine with any accuracy whether the time billed was directed to the motion to dismiss in general, to the motion to dismiss based on the *Noerr-Pennington* doctrine, or the motion to strike. Examples include *inter alia*, on March 4, 2006, Zebrowski describes his 4.75 hours as "Prepare correspondence to J. Wheeler; prepare Buccigross regarding research and defense issues; correspondence to clients; research and analyze defenses; prepare memorandum of defenses; conference with G. Klawitter and G. Buccigross." There are a number of entries that indicate nothing more than "Research and analyze legal defenses," ( Zebrowski entries for March 6, 7, 8, 11); "Prepare motion to dismiss" (March 29); "Prepare motions and exhibits" (April 1); "Review and analyze oppositions; research and prepare reply briefs (May 2); "Prepare reply briefs" (May 4); or "Research and prepare reply briefs" (May 5). Unless defendants can more adequately provide a reference to what portion of these entries, if any, are attributable to the motion to strike and/or the motion to dismiss based on the *Noerr-Pennington* doctrine and/or litigation privilege, attorneys' fees will not be allowed.

There are also entries that do not distinguish the time spent on allowable fees from those that are not. Examples include, but are not limited to, the March 1, 2006 entry by Klawitter: "Research regarding defenses to Kearney Complaint and likelihood of success with 12(b)(6) motion on each defense;" the March 28, 2006 entry by Zebrowski: "Prepare anti-SLAPP motion and motion to dismiss; " and the March 29, 2006 entry by Klawitter: "Review first amended complaint and appellate opinions in state action; legal research for 12(b)(6) motion to dismiss; work on points and authorities in support of 12(b)(6) motion to dismiss; work on request for judicial notice and notice of lodgment in support of anti-SLAPP motion and motion to dismiss.

Although recognizing that defendants' work contains research and writing that were directly applicable to both motions, the Court must have more complete, detailed information prior to determining whether the attorneys' fee award request is reasonable. As noted above, defendants have not addressed the issue of prevailing rates in the community. Nor have defendants discussed the other factors the Court considers in determining reasonable attorneys' fees: the nature of the litigation; the complexity of the issues; and the experience and expertise

of counsel. *See Clayton Development Co. v. Falvey*, 206 Cal. App.3d 438, 447 (1988). Because of these deficiencies, the Court will deny the application without prejudice to allow defendants to resubmit their motion for attorneys' fees.

## CONCLUSION

As discussed above, the Court finds that defendants are entitled to attorneys' fees for their motion practice including their motion to dismiss the federal causes of action insofar as the motion was based upon the *Noerr-Pennington* doctrine and/or litigation privilege. All of plaintiff's claims arise out of petitioning activity on the part of defendants and were dismissed or stricken on the basis of the *Noerr-Pennington* doctrine.[8] Further, the entire action was terminated upon the granting of the motions to dismiss and to strike. Nevertheless, defendants' request for attorneys' fees is not properly supported. Defendants have made no showing that the hourly rate is the prevailing rate in San Diego and that the hours expended are reasonable for this type of case. Entries are vague concerning the work performed. Some entries are not segregated sufficiently to demonstrate a link between the motion to dismiss and the *Noerr-Pennington* and/or litigation privilege.

Based on the foregoing, **IT IS ORDERED** defendants' motion for attorneys' fees is **GRANTED IN PART**. All reasonable attorneys' fees associated with the entirety of defendants' motion to strike will be awarded and all reasonable attorneys' fees for their motion to dismiss the federal claims insofar as the work performed on defendants' dismissal motion was premised on the *Noerr-Pennington* doctrine but not otherwise. **IT IS FURTHER ORDERED** that defendants' motion for attorneys' fees is **DENIED IN PART AND WITHOUT PREJUDICE** as to the reasonable amount of fees to be awarded. **IT IS FURTHER ORDERED** that defendants shall file a renewed motion for attorneys' fees, if they so desire,

---

[8] The Court reviewed defendants' alternative arguments in granting their motion to strike, and to a lesser degree, the additional arguments in granting their motion to dismiss the federal claims. Nevertheless, the Court based its decision predominately on the *Noerr-Pennington* doctrine and the California litigation privilege.

within 15 days of the filing of this Order.[9] Plaintiff shall file an opposition within seven days of the filing of the renewed motion for attorneys' fees. Defendants may file a reply memorandum within five days of the filing of an opposition. The matter will be deemed submitted upon the filing of a reply or the expiration of the time permitted for filing a reply.

**IT IS SO ORDERED.**

DATED: March 14, 2008

                                               M. James Lorenz
                                               United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[9] Defendants need not obtain a hearing date from Chambers prior to filing a renewed motion for attorneys' fees.