UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAN BROWN KEARNEY,<br>Plaintiff,<br>v.<br>FOLEY AND LARDNER, *et al.*,<br>Defendants. | ) | Civil No. 05-CV-2112-L(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT McCARTY'S MOTION FOR ATTORNEYS' FEES [doc. #60]** |

Defendant Michael T. McCarthy[1] ("McCarty" or defendant") moves to an award of attorneys' fees for his successful motions to dismiss [doc. #8], to strike the complaint [doc. #13], and to strike plaintiff's sixth and seventh causes of action [doc. #15]. Plaintiff opposes the motion. For the reasons set forth below, the Court enters the following decision.

McCarty seeks attorneys' fees in the amount of $42,802.00 as the prevailing party in the above-captioned case. Plaintiff opposes the motion contending it attempts to obtain attorneys' fees for the entire action rather than just that portion of fees associated with the state law claims

[1] Other defendants include the law firm of Foley and Lardner, LLC, and two individuals, Moser and Marshall, who were Foley partners during the relevant time and who represented the District in the eminent domain action. These defendants filed a motion for attorneys' fees that is the subject of a separate order.

that were stricken under the anti-SLAPP[2] statute and fails to properly apportion the allowable from the non-allowable fees. For the reasons set forth below, the Court enters the following decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 20, 2006, plaintiff filed a First Amended Complaint ("FAC") in this Court alleging violations of RICO, and constitutional rights under 42 U.S.C. § 1983, and state law claims for fraud, fraud and deceit by suppression of fact, spoliation of evidence, and *prima facie* tort against McCarty. In response to the FAC, defendant filed a motion to dismiss the federal causes of action under Federal Rule of Civil Procedure 12(b)(6) [doc. #8], and a special motion to strike the state law causes of action – spoliation of evidence and *prima facie* tort – as being subject to the anti-SLAPP statute [doc. #15] and a special motion to strike the Complaint [doc. #13].

After full briefing, the Court granted McCarty's motions to dismiss the federal causes of action directed to McCarty finding that the *Noerr-Pennington* doctrine[3] and/or litigation privilege were applicable. The Court also granted defendant's motion to strike plaintiff's state law causes of action finding that those claims were based on conduct in furtherance of the underlying eminent domain proceeding and therefore, were subject to the anti-SLAPP statute,

---

[2] SLAPP is an acronym for "strategic lawsuit against public participation." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 n.1 (1999). The purpose of the statute, California Code of Civil Procedure §325.16, is to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression.

[3] The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) (citing *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000)). The anti-SLAPP statute provides in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CAL. CODE CIV. PROC., § 425.16(b)(1).

Thus, the *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute.

and plaintiff had failed to make a showing of legally sufficient claims to sustain a favorable judgment even if the evidence submitted by plaintiff was credited. (Order filed March 28, 2007 [doc. #41]).

**ATTORNEYS' FEES UNDER ANTI-SLAPP STATUTE**

California's anti-SLAPP statute provides a mechanism for a defendant to strike civil actions or claims brought primarily to chill the exercise of free speech. CODE CIV. P. § 425.16(b)(1). In order to deter such chilling, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CODE CIV. P. § 425.16(c). It is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 104 Cal. Rptr.2d 377 (2001). "[A]bsent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to [obtaining] the fee [award]." *Serrano v. Unruh*, 32 Cal. 3d 621, 624, 186 Cal. Rptr. 754 (1982) (applying CAL.CODE CIV. P. § 1021.5) (cited in *Ketchum*, 24 Cal. 4th at 1141). An award of attorney fees and costs must be reasonable. CODE CIV. P. § 425.16.

The fee provision of the anti-SLAPP statute is applied in federal court. *Metabolife Intern., Inc. v. Wornick*, 213 F. Supp.2d 1220 (S.D. Cal.2002); *see also United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999)(the California anti-SLAPP statute should be applied in federal court as it is in state court.).

**DISCUSSION**

**1. Entitlement to Full Fees Requested**

Plaintiff does not dispute that McCarty is entitled to an award of attorney's fees for his successful motion to strike under the anti-SLAPP statute. But she contends that defendant should not recover any attorneys' fees for arguments that were unnecessary to prevail on the anti-SLAPP motion. Plaintiff argues that defendant may only recover fees for work specifically performed in preparing their motion to strike but all other aspects of defendants' motion practice should be excluded from consideration of an award of attorney's fees. *See Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal. App. 4th 1379 (1995).

Where a complaint contains both anti-SLAPP and non-anti-SLAPP causes of action, *e.g.*, federal claims, the SLAPP claims alone may be stricken and a motion to dismiss may be directed to the non-SLAPP causes of action. *See Summit Media LLC v. City of Los Angeles, CA*, 2008 WL 110604 *8 (C.D. Cal. January 2, 2008); *Globetrotter Software, Inc. v. Elan Computer Group. Inc.*, 63 F. Supp.2d 1127, 1130 (N.D. Cal. 1999)(the anti-SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights.; *In re Bah*, 321 B.R. 41, 46 (9th Cir. BAP 2005) ("We . . . agree with the *Globetrotter* court that the anti-SLAPP statute may not be applied to matters involving federal questions . . ."); *see also New Net, Inc. v. Lavasoft*, 356 F. Supp.2d 1090, 1099-100 (C.D. Cal. 2004)("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint."). In the present case, it is beyond dispute that McCarty was required to file a separate motion to dismiss plaintiff's federal causes of action.[4] Had plaintiff not filed federal causes of action, a special motion to strike would have been sufficient to close this case. Plaintiff should not be permitted to avoid imposition of attorneys' fees for a motion to dismiss when it was her decision to bring federal claims that were inextricably intertwined with the state law claims and subject to the same or similar defenses.

Defendants contend that because the factual basis and the legal arguments in support of their motions to strike under the anti-SLAPP statute and to dismiss the federal claims are inextricably intertwined, *i.e.*, all of plaintiff's claims involve a common core of facts and are based on related legal theories, all the fees in preparing the motion to strike and to dismiss should be recoverable because they were "in connection with" the motion to strike and were "necessary to prevail." *Metabolife Int'l Inc. v. Wornick*, 213 F. Supp.2d 1220, 1221-24 (S.D. Cal. 2002); *see also Reynolds Metals Co. v. Alperson* (1979). Because of the substantive convergence of the legal arguments in the motions to strike and to dismiss, McCarty argues attorneys' fees need not be apportioned between the motions. *See Hadley v. Krepel*, 167 Cal. App. 3d 677, 685-86 (1985)(citing *Hensley v. Eckerhart* 461 U.S. 424, 434-435 (1983);

---

[4] As noted above, plaintiff's federal claims alleged violations of RICO, conspiracy to violate RICO, and violation of constitutional rights under 42 U.S.C. § 1983.

*Fed-Mart Corp. v. Pell Enterprises, Inc.*, 111 Cal. App.3d 215, 227-228 (1980).

Plaintiff relies exclusively on the *Lafayette Morehouse* case to support her argument that no fees should be awarded with respect to defendant's separate motion to dismiss. Plaintiff should have been aware that *Lafayette Morehouse* is unavailing – it has been superseded by statute as stated in *Metabolife*:

> Additionally, the California Legislature amended the anti-SLAPP statute in 1997, mandating that the statute be "construed broadly." *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1119, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999). *Lafayette Morehouse*, decided in 1995, predates the amendment mandating broad construction.

*Metabolife*, 213 F. Supp.2d at 1223-24. Accordingly, the Court is mindful that the anti-SLAPP statute must be "construed broadly," *Briggs*, 19 Cal.4th at 1106, and "the court has broad discretion in determining the reasonable amount of attorney fees and costs to award a prevailing defendant." *Metabolife*, 213 F. Supp.2d at 1222.

Defendant's motions to strike and to dismiss were based entirely on a common factual scenario: all of plaintiff's claims were based exclusively on actions and communications defendants allegedly engaged in during the course of the underlying eminent domain process and while prosecuting the condemnation action. Both motions challenged plaintiff's claims by relying upon the *Noerr-Pennington* doctrine and/or the related litigation privilege. Defendant and the Court were required, however, to address other issues concerning plaintiff's claims. Had defendant not addressed those other issues, the defenses may have been waived. Nevertheless, a central focus of defendant's motions and the Court's Order was the applicability of the *Noerr-Pennington* doctrine and/or litigation privilege to plaintiff's claims; therefore, some of defendants' fees were inextricably intertwined, *i.e.*, were incurred for addressing common legal issues. All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned. But mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined.

Cases in which the prevailing defendants were granted an award of all fees are those

where the defendants were successful in either extricating themselves from the lawsuit or eliminating one or more claims in their entirety. *See, e.g.*, *Metabolife*, 213 F.Supp.2d 1220; *Church of Scientology v. Wollersheim*, 42 Cal. App.4th 628, 49 Cal. Rptr.2d 620 (1996). Here, because defendant achieved the dismissal of all of plaintiff's claims – both state and federal claims on some of the same or similar legal grounds – awarding defendant all of his attorneys' fees associated with the right to petition, would advance the public policy underlying the anti-SLAPP statute, which was enacted "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife*, 264 F.3d at 839.

Accordingly, the Court finds and concludes defendant is entitled to reasonable attorneys' fees for his motion to dismiss the federal claims insofar as the work preformed on the dismissal motion was premised on the *Noerr-Pennington* doctrine and/or litigation privilege but not otherwise. Defendant's arguments concerning separate and distinct defenses[5] concerning the RICO and section 1983 claims raised in the motion to dismiss, will not be awarded, but all other fees will be. Of course, all reasonable attorneys' fees associated with the entirety of defendant's motion to strike will be awarded.

**b. Amount of Fees**

Although an award of attorney fees is mandatory under the anti-SLAPP statute, the amount of such fees is discretionary. *See Metabolife*, 213 F. Supp.2d at 1222. "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.]" *Wilkerson v. Sullivan*, 99 Cal. App.4th 443, 448 (2002). The Court must have "substantial evidence" to support the fee award. *Macias v. Hartwell*, 55 Cal. App.4th 669, 676(1997) (citing *Church of*

[5] Defendant argued that plaintiff's section 1983 claim was barred by the statute of limitations; her RICO claim could not be asserted against a state entity and was inadequately pleaded; the school district and its employees acting within their official capacity are entitled to Eleventh Amendment immunity; and defendant was entitled to qualified immunity. *See* defendant's motion to dismiss [doc. #9].

*Scientology of California v. Wollersheim*, 42 Cal. App.4th 628, 658-59 (1996). *Church of Scientology*, 42 Cal. App.4th at 658-59). The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F. 3d 1291, 1305-06 (9th Cir. 1994).

A reasonable fee is determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000).

Defendant provides the declaration of lead counsel, Daniel R. Shinoff, in support of McCarty's motion. Shinoff states that he billed time at $170.00 per hour; associates of the firm were billed at $160.00 per hour; and law clerk and paralegal services were billed at $72.00 per hour; and these rates were the actual billing rates billed to the client and paid. (Memo of Ps & As at 3). Plaintiff does not object to the per hour fees charged and the Court, based on its knowledge of legal fees in the community, finds the per hour fees reasonable.

Plaintiff does, however, object to the lack of apportionment of the fees between those allowable under the anti-SLAPP statute and all fees incurred on defendant's motion to dismiss. Plaintiff also contends that all the fees incurred by defendant's paralegal should be disallowed.

As noted above, McCarty is entitled to fees that are attributable to arguments directed to the *Noerr-Pennington* and/or litigation privilege found in his motion to dismiss in addition to all fees incurred in his special motion to strike. Thus the issueis whether defendant adequately differentiated between allowable and non-allowable fees in his billing records.

Much like the Foley defendants, McCarty's records are somewhat vague as to the work accomplished. On April 20, 2006, the entry for Mr. Shinoff provides: "Travel to District and meeting with Superintendent and Board"; and on April 22, 2006, "Receipt and review of letter from Plaintiff's counsel regarding complaint; letter to Di [sic] McCarty." These entries may or may not be compensable but without further explanation, the Court cannot make this determination.

Nevertheless, the Court also finds that all work leading up to the drafting of the motions

to dismiss and to strike are recoverable as necessary and appropriate, *i.e.*, all work completed from February 20, 2006 through March 7, 2006 is properly awarded defendant.

Plaintiff's argument that defendant's paralegal fees should be denied in their entirety is without merit. But the amount that should be awarded based on the paralegals's must be shown to be necessary for the preparation of the motions to strike and to dismiss as set forth above.

## CONCLUSION

As discussed above, the Court finds that defendant is entitled to attorneys' fees for his motion practice including the motion to dismiss the federal causes of action insofar as the motion was based upon the *Noerr-Pennington* doctrine and/or litigation privilege. All of plaintiff's claims arise out of petitioning activity on the part of defendant and were dismissed or stricken on the basis of the *Noerr-Pennington* doctrine and/litigation privilege.[6] Further, the entire action was terminated upon the granting of the motions to dismiss and to strike. Nevertheless, defendant's request for attorneys' fees is not sufficiently supported. Some entries are vague concerning the work performed. Some entries are not segregated sufficiently to demonstrate a link between the motion to dismiss and the *Noerr-Pennington* and/or litigation privilege.

Accordingly, **IT IS ORDERED** defendant's motion for attorneys' fees is **GRANTED IN PART**. All reasonable attorneys' fees associated with the entirety of defendant's motion to strike will be awarded and all reasonable attorneys' fees for his motion to dismiss the federal claims insofar as the work performed on defendants' dismissal motion was premised on the *Noerr-Pennington* doctrine but not otherwise. **IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees is **DENIED IN PART AND WITHOUT PREJUDICE** as to the reasonable amount of fees to be awarded. **IT IS FURTHER ORDERED** that defendant shall file a renewed motion for attorneys' fees, if he so desires, within 15 days of the filing of this

[6] The Court reviewed defendants' alternative arguments in granting their motion to strike, and to a lesser degree, the additional arguments in granting their motion to dismiss the federal claims. Nevertheless, the Court based its decision predominately on the *Noerr-Pennington* doctrine and the California litigation privilege.

Order.[7] Plaintiff shall file an opposition within seven days of the filing of the renewed motion for attorneys' fees. Defendant may file a reply memorandum within five days of the filing of an opposition. The matter will be deemed submitted upon the filing of a reply or the expiration of the time permitted for filing a reply.

**IT IS SO ORDERED.**

DATED: March 18, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[7] Defendants need not obtain a hearing date from Chambers prior to filing a renewed motion for attorneys' fees.