UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN BROWN KEARNEY,<br><br>        Plaintiff,<br><br>v.<br><br>FOLEY AND LARDNER, *et al.*,<br><br>        Defendants. | Civil No. 05-CV-2112-L(LSP)<br><br>**ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES**<br>[doc. #78] |

Defendants Foley and Lardner, LLC, and two individuals, Gregory V. Moser and Larry L. Marshall (collectively "Foley" or "defendants")[1] sought attorneys' fees in the amount of $118,331.25[2] as the prevailing parties in the above-captioned case based on the Court's Order granting defendants' motion to strike and to dismiss. Plaintiff opposed the motion contending it was untimely, sought excessive fees, and attempted to obtain attorneys' fees for the entire action rather than just that portion of fees associated with the motion to strike brought under the anti-

---

[1] Defendant Michael T. McCarty filed his renewed motion for attorneys' fees [doc. #80] that is addressed in a separate order.

[2] Defendants sought attorney's fees in the amount of $118,331.25, based on 330.75 hours incurred in working on this matter prior to the granting of defendants' motions and in preparing the motion for attorneys' fees.

SLAPP[3] statute. The Court granted in part and denied in part the motion for attorneys' fees finding that defendants were entitled to all reasonable attorneys' fees associated with the entirety of defendants' motion to strike and reasonable attorneys' fees for their motion to dismiss the federal claims insofar as the work preformed on their dismissal motion was premised on the *Noerr-Pennington* doctrine and/or litigation privilege but not otherwise.

The Court also reviewed the relevant law concerning the determination of reasonable attorneys' fees: A reasonable fee is determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler,* 22 Cal.4th 1084, 1095 (2000).

In denying in part defendants' motion, the Court found defendants had not provided any evidence that their fees were the prevailing rate in this area for this type of case. The Court also found that many of defense counsels' time records were vague and therefore, the Court could not determine whether the time billed was directed to the motion to dismiss in general, the motion to dismiss based on the *Noerr-Pennington* doctrine, or the motion to strike. Further, the Court found that various entries did not distinguish the time spent on allowable fees from those that were not. As a result, the Court noted that it must have more complete, detailed information prior to determining whether the attorneys' fee award request is reasonable. The Court directed defendants to file a renewed motion for attorneys' fees in response to the Court's Order if they so desired. Defendants have filed a renewed motion to which plaintiff objects.

## Renewed Motion for Attorneys' Fees

In renewing their motion for attorneys' fees, defendants' contend that they have reviewed the bills for their rendered service; identified time entries relating in whole or in part to the anti-SLAPP motion or their *Noerr-Pennington* or litigation privilege defense; removed entries that do

---

[3] SLAPP is an acronym for "strategic lawsuit against public participation." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 n.1 (1999). The purpose of the statute, California Code of Civil Procedure §325.16, is to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression.

not expressly relate in whole or in part to the anti-SLAPP motion or their *Noerr-Pennington* or litigation privilege defense; apportioned 40% of the fees for entries related to both the anti-SLAPP motion and the separate motion to dismiss; and separately allocated some time entries that do not fit within the above categories.  As a result of the actions taken, defendants state that the new amount of fees requested is a reduction of 61%, or $72,298.08, from their original fee request of $118,331.25.

Defendants have provided additional information about the reasonableness of the fees that were of concern to the Court, specifically defense counsel's hourly rates; the nature of the litigation and the complexity of the issues; the experience of defense counsel; and descriptions of services provided.

Even though defendants addressed the issues presented in the Court's Order, plaintiff objects to the renewed and reduced attorneys' fees contending defendants' hourly rates are unreasonable; defendants failed to keep specific time records and their renewed fee claims are based on arbitrary guesswork.  The Court disagrees.

The records defendants kept in the ordinary course of their engagement are sufficient to award attorneys' fees.  Counsel is not required to perfectly segregate their fees, particularly when legal theories overlap or coincide as in this case.

Plaintiff contends that she is prejudiced by defendants' proposed plan to allocate by percentages their times because they are not based on objective criteria.  Notwithstanding her argument, plaintiff suggests a similar methodology but at a much lower percentage.  *(See* Opp. at 7-8.)  The Court finds that the percentage rates provided by defendants are reasonable and not based solely on subjective features.

Plaintiff also argues that defendants' requested rates are inconsistent with the prevailing rates in this community.  Defendants used as comparable rates three large California law firms that practice in the San Diego area and deal with sophisticated litigation as defendants do.  The prevailing hourly rates charged by the three comparable firms is greater than or substantially equivalent to the rates charged by defense counsel in this action.  Plaintiff's contention therefore

is rejected.

Although plaintiff disagrees, defendants also have made a sufficient showing of the requisite factors used in determining a reasonable fee award.  Having considered the complaint, defendants' motions, and plaintiff's oppositions to those motions, the Court regards the nature of this action as complex.  The experience of defense counsel is sufficiently explained in their motion and declarations.

Finally, plaintiff points out what she considers various mathematical errors contained in the declaration of Zebrowski.  Defendants concede a typographical error that results in a $200 reduction in their request for fees.  Defendants also supplemented the declaration of attorney Zebrowski to show that during the initial month, February 2006, that counsel represented defendants, the fees charged for attorney Zebrowski's services were $600 and for attorney Klawitter's services were $360.  Beginning in March 2006, those fees were reduced.  Klawitter's standard billing rate was increased in 2007, but that rate was reduced proportionately for defendants in this action.   The Court finds that the fees sought are set forth and properly accounted for in support of their motion.

## Conclusion

Based on the foregoing,  **IT IS ORDERED granting** defendants' motion for attorneys' fees is **GRANTED in the amount of $45,833.17.**  Arrangements for payment shall be made within 15 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: October 22, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL