UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN BROWN KEARNEY,<br><br>    Plaintiff,<br><br>v.<br><br>FOLEY AND LARDNER, *et al.*,<br><br>    Defendants. | Civil No. 05-CV-2112-L(LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [doc. #107] and GRANTING LEAVE TO AMEND RICO CLAIM** |

Defendant Michael T. McCarty[1] moves to dismiss the two causes of action alleged against him in plaintiff's SAC. The motion has been fully briefed. The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is the former owner of a 52.06 acre parcel of land in Ramona, California. The Ramona Unified School District ("District" or "RUSD") Board adopted a resolution declaring it necessary to acquire plaintiff's property through eminent domain proceedings for construction of a new school. Defendant McCarty was an assistant superintendent of the RUSD during the time

---

[1] Other defendants include the law firm of Foley and Lardner, LLC, and two individuals, Moser and Marshall, who were Foley partners during the relevant time and who represented the District in the eminent domain action. These defendants have filed a motion to dismiss the second amended complaint that is the subject of a separate order.

at issue in the underlying condemnation proceeding. The District was granted an order authorizing it to take possession of the property on December 29, 2000.

The condemnation trial began on April 29, 2002 and ended on May 9, 2002. At issue in the trial was the fair market value of the property which is the highest price on the date of valuation that would be agreed to by the seller. CAL. CODE CIV. P. 1263.320. The fair market value was determined by residential use of the property and how many buildings could be built on the property. The number of buildings was dependent upon the number of septic systems permitted which was dependent upon how well the soil would percolate. FAC ¶28. The jury awarded plaintiff $953,000 as the fair market value of her property.

Soon thereafter, plaintiff filed a motion for new trial contending that the District's counsel wrongfully argued that the District had not performed percolation ("perc") tests on her property even though the District had expended money to conduct such a test. The motion was denied with the trial court noting there was no evidence that the District withheld any information. Plaintiff then appealed that decision denying her motion for a new trial. On March 3, 2004, the California Court of Appeal, Fourth Appellate District, affirmed the judgment of the Superior Court.

During the time plaintiff's appeal was pending, she filed a motion to set aside the judgment and to grant her a new trial on the ground that the District and its counsel had concealed evidence of the perc tests. The trial court denied plaintiff's motion finding it had no jurisdiction because of plaintiff's then-pending appeal.

Plaintiff filed another motion for reconsideration of the trial court's order denying its motion to set aside the judgment. Again the court denied the motion for lack of jurisdiction.

Then plaintiff filed a notice of appeal challenging the motion to set aside the judgment and the motion for reconsideration. The appeal was a petition for writ of *error coram vobis*. The court of appeals took up all the appellate matters and affirmed the judgment denying plaintiff's motion for a new trial; affirmed the denial of the motion to set aside the judgment; and denied the appeal for *writ of coram vobis*. The court of appeals denied a petition for rehearing. Plaintiff then petitioned the California Supreme Court for review. On May 19, 2004, the Supreme Court

denied review.

Plaintiff filed the present action on November 14, 2005. On January 20, 2006, plaintiff filed a First Amended Complaint in this Court alleging two federal statutory claims, RICO and 42 U.S.C. § 1983, and claims of spoliation of evidence; and *prima facie* tort against McCarty. Defendant McCarty was sued in his individual capacity although he contends that his actions were taken in his official capacity on behalf of the District which was not a named defendant in this action.

The Ninth Circuit affirmed dismissal of plaintiff's state law causes of action but reversed the dismissal of the federal claims finding that the *Noerr-Pennington* doctrine's sham litigation exception applied to plaintiff's claims thereby preventing the immunization of defendants' petitioning conduct. *Kearney v. Foley & Lardner*, 590 F.3d 638 (9th Cir. 2009). The action was remanded to consider plaintiff's federal law claims. After remand, plaintiff filed a second amended complaint ("SAC") to which defendant McCarty filed the present motion to dismiss.

## DISCUSSION

**A.     Section 1983 Claim**

McCarty contends plaintiff's 42 U.S.C. § 1983 cause of action must be dismissed as time barred under the statute of limitations. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which in California is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Although state law governs the length of the applicable limitations period, federal law governs the accrual of a Section 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("the accrual date of a § 1983 cause of action

is a question of federal law that is not resolved by reference to state law"); *see also Canatella v. Van De Kamp*, 4 86 F.3d 1128, 1133 (9th Cir. 2007). "Under federal law, the limitations period accrues when a party knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (citation and quotation marks omitted); *Lukovsky v. City and County of San Francisco,* 535 F.3d 1044 (9th Cir. 2008); *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) (*per curiam*).

Here, plaintiff argues that the limitation's period did not begin to run until after all the appeals of her eminent domain case were completed, *i.e.*, "Plaintiff's claim did not accrue until she incurred appreciable and actual damages." (Opp at 11.) But the cases plaintiff relies upon occurred in the takings context. For example, in *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 687 (9th Cir. 1993), the court held that "[s]o long as the state provides 'an adequate process for obtaining compensation,' no constitutional violation can occur until just compensation is denied." But in *Levald,* the question was whether there had even been a taking. In the present case, there was no question that a taking had occurred and plaintiff was entitled to be paid just compensation. The proceedings in state court were intended to provide the amount of compensation to which plaintiff was entitled.

Plaintiff's rights were allegedly violated when she learned that defendant had favorable perc test results that she did not receive prior to trial. Thus, plaintiff's claim accrued at the earliest when the judgment was entered in state court awarding her compensation she believed to be inadequate or at the latest in November 2002, when she received the perc test results. Plaintiff cannot assert that McCarty's alleged violation of her constitutional rights occurred when she exhausted her appeals. Even under the later November 2002 date of accrual, plaintiff's § 1983 claim is time barred because she did not file this action until November 14, 2005.

But plaintiff contends that tolling should be applied to allow her § 1983 claim to go forward. There are two related equitable doctrines that may toll a limitations period: equitable

tolling and equitable estoppel.[2] *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)).

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In order to be entitled to equitably toll a statute of limitations under California law: (1) she must have diligently pursued his claim; (2) her situation must be the product of forces beyond her control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic,* 28 Cal. App.4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal.1978); *Fink*, 192 F.3d at 916.

Plaintiff has failed to plead any facts which would support the equitable tolling of her claim. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). It is clear that plaintiff knew of the existence of a possible claim against defendant McCarty within the limitations period when she obtained the perc test in November 2002, and she was solely in control of the situation once she obtained those results. Thus, plaintiff's Section 1983 claim must be dismissed with prejudice as barred by the two-year statute of limitations.

**C.   RICO**

A civil RICO claim must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc., E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation and quotation marks omitted), *cert. denied*, 547 U.S. 1192 (2006). "To state a RICO claim, one must allege a 'pattern' of racketeering activity, which requires at least two

---

[2] Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Plaintiff does not argue that equitable estoppel is applicable in the present case.

predicate acts." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir.2008) (citations omitted). A plaintiff must also show that the injury to his business or property was proximately caused by the prohibited conduct and that he has suffered a concrete financial loss. *Chaset v. Fleer/Skybox Int'l, L.P.*, 300 F.3d 1083, 1086 (9th Cir. 2002).

Defendant McCarty moves to dismiss the RICO claim found in the SAC for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

### 1. Pattern of Racketeering Activity

A pattern of racketeering activity "is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise." *Odom v. Microsoft Corp.,* 486 F.3d 541, 549 (9th Cir. 2007) (*en banc*). There must be "at least two acts of racketeering activity" within ten years of one another in order to constitute a "pattern." 18 U.S.C. § 1961(5).

"[W]hile two predicate acts are required under the Act, they are not necessarily sufficient." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). Rather, "[a] 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'" *Id.* (quoting in part *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). A pattern in not formed by "sporadic activity." *H.J. Inc.*, 492 U.S. at 239. "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *H.J.Inc.* at 242. The factor of continuity plus relationship combines to produce a pattern. *Id.* at 239.

Plaintiff contends that in this case there are multiple predicates within a single scheme that are related and that amount to or threaten the likelihood of continued criminal activity. *H.J. Inc.* On the other hand, McCarty argues that the allegation that he knowingly failed to produce the 2001 perc test results in the condemnation proceeding is a single act of discovery misconduct that does not create a RICO pattern.

In seeking to create a pattern for RICO liability, plaintiff alleges that McCarty used the mail on several occasions to communicate with her about the property. SAC, ¶ 48. In the SAC, plaintiff contends McCarty used the mail between December 2000 when the agreement was made to provide her with perc testing results and August 2002 when the inverse condemnation trial was completed. *Id.* Defendant McCarty is referenced as the recipient of an April 17, 2000 Agreement for Purchase of Real Property signed by plaintiff that was sent by defendant Foley & Lardner and that McCarty signed and returned to the law firm on April 24, 2000. McCarty was copied on a May 22, 2000 letter Marshall sent to Kearney cancelling the April 24, 2000 Agreement for Purchase. On May 22, 2000, McCarty sent Kearney a letter offering to purchase the property for $730,000. On June 2, 2000 and September 8, 2000, McCarty, on behalf of the Dirstrict sent plaintiff a Notice of Hearing Regarding Adoption of a Resolution of Necessity to Acquire Property by Eminent Domain.

Plaintiff also sets forth that McCarty and CTE entered into a contract, signed by McCarty on September 22, 2000, in which CTE would undertake percolation testing for the District.

McCarty was the recipient of a November 22, 2000 letter from defendant Moser concerning test results in exchange for consent to enter plaintiff's property. This is the last mailing directly addressed to McCarty. There is no other reference to McCarty using the mail in an attempt to defraud Kearney and prevent her from receiving the fair value of her property other than his name appearing in a letter response dated June 10, 2002 which indicates he was involved in the decision to deny plaintiff's public records request.

Defendant McCarty argues that plaintiff's listing of the predicate acts demonstrates that he neither mailed nor received mail concerning the alleged fraudulent scheme between November 2000 and June 10, 2002. As a result, he could not have been part of a pattern for purposes of a racketeering scheme because he did not commit mail fraud during the critical period of the case. Further, defendants contend that the allegation that McCarty conspired with the Foley defendants to perpetrate a fraud scheme through the mail is based on conclusory allegations. In other words, plaintiff fails to allege how McCarty used the mail to defraud her. The Court concurs.

Plaintiff has placed McCarty in the midst of her allegations against the Foley defendants in a conclusory way without setting forth specific facts that show McCarty was involved in a pattern of rackeering activity. She will be given leave to amend her RICO claim with respect to a pattern of rackeering activity and defendant McCarty.

### 2. Causation

Plaintiff contends that defendant McCarty's alleged RICO violations were both the "but for" cause of her injury and the proximate cause of her injury. (Opp. at 12) According to plaintiff, if defendant had not engaged in the alleged wrongful conduct – the nondisclosure of the favorable-to-plaintiff perc testing result – the result of the valuation trial would have been different. She also alleges that she reasonably relied on defendants' misrepresentations and misconduct including McCarty's participation in allowing the Foley defendants' misrepresentations at trial. McCarty argues that plaintiff could have avoided the injury if she had taken a different course of action. But if a defendant's conduct was a substantial factor in causing the plaintiff's injury, a defendant will not be absolved from liability merely because other causes contributed to the injury. *See Holmes v. SEC Investor Prot. Corp.*, 503 U.S. 258, 269 (1992).

Here, plaintiff has adequately pleaded RICO causation against defendant McCarty.

### 3. Lack of Particularity in Pleading

McCarty argues that Kearney has not sufficiently alleged a RICO cause of action because she fails to set forth her fraud allegations with particularity as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." FED. R. CIV. P. 9(b). The plaintiff must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009). "[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)(citing *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987). Rule 9's requirement that fraud be pleaded with specificity can be relaxed where matters are within the opposing party's knowledge, because in such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts; however, this exception does not nullify the rule that a plaintiff who makes allegations on information and belief must state the factual basis for the belief. Wool, 818 F.2d at 1439. And although Rule 9(b) permits knowledge and intent to be pleaded in general terms, a plaintiff still must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind ." *Exergen Corp. v. Wal-Mart Stores, Inc*., 575 F.3d 1312, 1327 (Fed. Cir. 2009).

Defendant McCarty asserts that plaintiff's fraud allegations against him lack any of the "who, what, when, where, and how" required for pleading fraud. In the SAC, plaintiff states that "following completion of the perc testing, CTE, on information and belief, was directed by McCarty or others working in concert with him, to not prepare a formal report concerning the perc testing as called for in the September letter agreement between RUSD and CTE." (SAC ¶24).

As noted above, even when pleading on information and belief, sufficient facts must be alleged to support a showing of fraud. Plaintiff's allegations concerning McCarty do not satisfy the heightened pleading requirement for fraud required by Rule 9(b). In particular, plaintiff does not identify the time, place and manner of the alleged statement that McCarty told CTE to not

issue a report that was promised to plaintiff. Further, plaintiff has failed to identify the source of the allegation or that defendant McCarty ever learned of the results of the perc testing. In other words, the factual basis for plaintiff's belief is absent. Because plaintiff's fraud allegations as to McCarty are insufficiently pleaded, the RICO claim must be dismissed.

Plaintiff seeks leave to amend her complaint to include additional details including the manner in which plaintiff learned that CTE did not prepare the report that was promised to her, the reasons she was told that did not occur and McCarty's communications with developer consultants regarding the property. Opp. at 17. Leave to amend will be granted to allege fraud with particularity as discussed above.

## Conclusion

Based on the foregoing, **IT IS ORDERED** granting with prejudice defendant McCarty's motion to dismiss plaintiff's SAC with respect to the 42 U.S.C. § 1983 claim and without prejudice as to the RICO claim. **IT IS FURTHER ORDERED** granting plaintiff leave to amend to allege a RICO cause of action in conformity with this Order. If plaintiff seeks to amend her complaint, she shall do so on or before April 18, 2011.

**IT IS SO ORDERED.**

DATED: March 28, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL