1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | JOAN BROWN KEARNEY, | ) | Case No.: 05-CV-2112-AJB-MDD |

JOAN BROWN KEARNEY,                    )   Case No.: 05-CV-2112-AJB-MDD
                                       )
                    Plaintiff,         )   **ORDER GRANTING DEFENDANT**
v.                                     )   **MCCARTY'S JUDGMENT ON THE**
                                       )   **PLEADINGS AND DISMISSING**
FOLEY AND LARDNER,** *et al.,*         )   **PLAINTIFF'S FOURTH AMENDED**
                                       )   **COMPLAINT WITH PREJUDICE**
                    Defendants.        )
                                       )   **[Doc. No. 169]**

        Before the Court is Defendant Michael T. McCarty's Motion for Judgment on the Pleadings. (Doc. No. 169).  The Plaintiff filed an opposition, (Doc. No. 186), and Defendant McCarty filed a reply, (Doc. No. 187).  Defendant McCarty is the sole-remaining defendant in this action.  In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument.  Accordingly, the motion hearing scheduled for December 14, 2012, is hereby vacated.  For the reasons set forth herein, the Defendant's Motion is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.  Accordingly, the Clerk of the Court is instructed to enter judgment accordingly and close the case.

### *Factual and Procedural Background*

        Plaintiff is the former owner of a 52.06 acre parcel of land in Ramona, California.  The Ramona Unified School District ("District" or "RUSD") board adopted a resolution declaring it necessary to acquire Plaintiff's property through eminent domain proceedings for construction of a new school.

1  Defendants include the law firm of Foley and Lardner, LLC ("F&L"), and two individuals, Moser and

2  Marshall, who were Foley partners during the relevant time and who represented the District in the

3  eminent domain action.  Defendant Michael T. McCarty was an assistant superintendent of the RUSD.

4  The District was granted an order authorizing it to take possession of the property on December 29,

5  2000.

6       The condemnation trial began on April 29, 2002, and ended on May 9, 2002.  At issue in the trial

7  was the fair market value of the property, which is defined as the highest price on the date of valuation

8  that would be agreed to by the seller.  Cal. Code Civ. P. § 1263.320.  The fair market value is

9  determined by residential use of the property and how many buildings could be built on the property.

10  The number of buildings supportable on the property is dependent upon the number of septic systems

11  permitted which is dependent upon how well the soil would percolate.  (FAC ¶ 28).  After the

12  presentation of witnesses and evidence, the jury awarded plaintiff $953,000.00 as the fair market value

13  of her property.

14       Soon thereafter, Plaintiff filed a motion for new trial contending that the District's counsel had

15  wrongfully argued that the District had not performed percolation ("perc") tests on her property even

16  though the District had expended money to conduct such a test.  Plaintiff's motion was denied with the

17  trial court noting there was no evidence that the District withheld any information from Plaintiff.

18  Plaintiff appealed the decision denying her motion for a new trial.  On March 3, 2004, the California

19  Court of Appeal, Fourth Appellate District, affirmed the judgment of the Superior Court.

20       During the time Plaintiff's appeal was pending, she filed a motion to set aside the judgment and

21  for a new trial on the ground that the District and its counsel had concealed evidence of additional perc

22  tests.  The trial court denied Plaintiff's motion finding it had no jurisdiction because of Plaintiff's then

23  pending appeal.

24       Thereafter, Plaintiff filed another motion for reconsideration of the trial court's order denying its

25  motion to set aside the judgment.  Again the court denied the motion for lack of jurisdiction.

26       Plaintiff filed a notice of appeal challenging the motion to set aside the judgment and the motion

27  for reconsideration.  The appeal was styled as a petition for writ of error coram vobis.  The court of

28  appeals took up all the appellate matters and affirmed the judgment denying Plaintiff's motion for a new

2

1   trial; affirmed the denial of the motion to set aside the judgment; and denied the appeal for writ of coram

2   vobis.  The court of appeals denied a petition for rehearing.  Plaintiff then petitioned the California

3   Supreme Court for review.  On May 19, 2004, the Supreme Court denied review.

4        Plaintiff filed the present action on November 14, 2005.  On January 20, 2006, Plaintiff filed a

5   First Amended Complaint in this Court alleging causes of action for Racketeer Influenced and Corrupt

6   Organizations Act ("RICO"); conspiracy to violate RICO under section 1962(c); 42 U.S.C. § 1983; false

7   promise; fraud and deceit; spoliation of evidence; and prima facie tort against Defendants.  Defendants

8   filed motions to dismiss.  The Court dismissed the federal causes of action based upon the

9   *Noerr-Pennington* Doctrine and the state law causes of action.  Plaintiff appealed the decision.

10        The Ninth Circuit affirmed dismissal of Plaintiff's state law causes of action but reversed the

11   dismissal of the federal claims finding that the *Noerr-Pennington* doctrine's sham litigation exception

12   applied to Plaintiff's claims thereby preventing the immunization of Defendants' petitioning conduct.

13   *Kearney v. Foley & Lardner*, 590 F.3d 638 (9th Cir. 2009).  The action was remanded to consider

14   Plaintiff's federal law claims.  After remand, Plaintiff filed a Second Amended Complaint ("SAC").

15   Defendants filed a motion to dismiss the SAC, (Doc. No. 106), which was subsequently granted with

16   leave for Plaintiff to amend her RICO claims. (Doc. No. 122).

17        The Plaintiff then filed her Third Amended Complaint ("TAC"), alleging two causes of action

18   against the Attorney Defendants and Michael McCarty.  Plaintiff's first cause of action was for violation

19   of 18 U.S.C. § 1963(c), the Racketeer Influence and Corrupt Organization Act (RICO), against all

20   named defendants.  The second cause of action was for conspiracy to violate RICO against Defendant

21   F&L.  The Honorable Judge Lorenz, who previously presided over this case, issued a recusal on April

22   26, 2011. The Attorney Defendants moved to dismiss the TAC.  (Doc. No. 126).  This Court granted the

23   motion to dismiss on July 22, 2011.  (Doc. No. 139).

24        Plaintiff filed her Fourth Amended Complaint ("FAC") on August 15, 2011, in which she again

25   brought a cause of action for violation of RICO against all named defendants, and for conspiracy to

26   violate RICO against Defendant F&L.  Attorney Defendants moved to dismiss the FAC on September 1,

27   2011.  (Doc. No. 142).  Defendant McCarty did not join in the motion.  On March 15, 2012, the Court

28   granted the motion to dismiss Plaintiff's claims with prejudice as against Attorney Defendants.

1   Defendant McCarty has filed the instant motion for judgment on the pleadings based upon the same

2   legal theories advanced by Attorney Defendants in their motion to dismiss.

3   *Legal Standard*

4        Fed. R. Civ. P. 12(c) provides, in relevant part, that "after the pleadings are closed but within

5   such time as not to delay the trial, any party may move for judgment on the pleadings."  And, as courts

6   of this Circuit have recognized, Fed. R. Civ. P. 12(h)(2) "specifically authorizes" a moving party to use

7   a motion for judgment on the pleadings "to raise the defense of failure to state a claim, even after an

8   answer has been filed."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)(affirming dismissal of

9   action pursuant to Rule 12(c)).  In deciding a Rule 12(c) motion, courts apply the same standard of

10  review as with a Fed. R. Civ. P. 12(b)(6) motion to dismiss.[1]  Rule 12(b)(6), tests the legal sufficiency of

11  the pleadings, and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to

12  state a claim upon which relief may be granted.  *See Novarro v. Block*, 250 F.3d 729, 732 (9th Cir.

13  2001).  As a result, a "judgment on the pleadings is proper when there are no issues of material fact, and

14  the moving party is entitled to judgment as a matter of law."[2]

15  *Discussion*

16       The Plaintiff's FAC asserts two causes of action, the first for RICO violations under 18 U.S.C. §

17  1962(c) against Attorney Defendants and McCarty, and the second for conspiracy to violate § 1962(c)

18  under 18 U.S.C. § 1964(d) against Defendant F&L.  Both of these claims have been dismissed with

19  prejudice as to Attorney Defendants.  Therefore, the sole remaining claim in this action is the alleged

20  RICO violations under 18 U.S.C. § 1962(c) against Defendant McCarty.  Defendant McCarty has

21  reviewed the Court's previous order dismissing Plaintiff's RICO claims against Attorney Defendants

22  and has included many of the arguments offered by Attorney Defendants in their motion to dismiss as

23  well as a large portion of the Court's previous order as support for his motion.  Plaintiff opposes

24

25       [1] *Martorello v. Sun Life Assur. Co. of Canada*, 2009 WL 1227011, at *3–4, 2009 U.S. Dist.
26  LEXIS 41465, at *9 (N.D. Cal. May 1, 2009)(citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810
    (9th Cir. 1988)).

27       [2] *Miglin v. Mellon*, No. 2:08–cv–01013, 2009 WL 3719457, at *2, 2009 U.S. Dist. LEXIS
28  109235, at *6 (D. Nev. Nov. 4, 2009), citing *General Conference Corp. of Seventh Day Adventists v.
    Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ.
    P. 12(c)); *see also Martorello*, 2009 WL 1227011, at *3–4, 2009 U.S. Dist. LEXIS 41465, at *9.

05cv02112

1    Defendant McCarty's motion "for all the reasons and upon the same grounds and based upon the same

2    authorities" that she offered against Attorney Defendants' motion to dismiss.  (Doc. No. 186, p. 5).

3    Insomuch as the Court has already considered the sufficiency of Plaintiff's RICO claim in its previous

4    order, much of that analysis remains applicable and will be incorporated herein.

5            *I.        Whether Plaintiff Has Alleged a Continuing Pattern of Racketeering Activity*

6            Defendant McCarty, like Attorney Defendants in their motion to dismiss, challenges the "pattern

7    of racketeering" element of Plaintiff's RICO claim in Plaintiff's FAC.  Defendant McCarty contends

8    that a single crime or scheme against a single victim is insufficient to demonstrate the requisite "pattern"

9    that constitutes a "continuing threat" of racketeering activity, which is an essential element of a RICO

10   claim. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989).

11           In order to state a valid RICO claim, a plaintiff must plead:

12                   1.        conduct

13                   2.        of an enterprise

14                   3.        through a pattern

15                   4.        of racketeering activity, or "predicate acts"

16                   5.        causing injury to plaintiff's business or property

17   *See, e.g., Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  A "pattern" does not exist absent a

18   continued threat of criminal activity.  *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239

19   (1989).  A single episode, while it may consist of several discrete events, does not constitute a pattern of

20   racketeering activity.  *Sedima*, 473 U.S. at 496 n.14.

21           Defendant McCarty argues that Plaintiff has not, and cannot, allege a "pattern of racketeering

22   activity" because the conduct is not continuous.  Rather, the conduct aimed at achieving the object of the

23   RICO scheme has long since concluded and does not threaten future criminal conduct.  As alleged in the

24   FAC, all of the alleged predicate acts took place in connection with an effort by the RUSD to acquire a

25   single property for less than just compensation from a single "victim," Plaintiff, through a single

26   eminent domain process.  (FAC ¶ 52).  The Plaintiff admits the property was acquired and the sole

27   litigation matter at issue concluded no later than May 19, 2004.  (*Id*. ¶ 50).

28

1   The Plaintiff has not,[3] and cannot, allege a pattern of racketeering activity as required by Section

2   1962(c), because she admits the alleged associated-in-fact RICO enterprise involved a single scheme

3   and injury toward a single victim that was concluded more than seven years ago, which is inadequate to

4   allege  either a pattern of racketeering activity or a threat of continued criminal activity.  The Ninth

5   Circuit has repeatedly held that a single fraud against a single victim is an "isolated" event that does not

6   constitute the continued threat of criminal activity required to maintain a RICO claim.[4]

7   Plaintiff cites only one Ninth Circuit case finding a RICO "pattern" with a single victim,

8   *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987).  However, there the

9   court noted that the sole plaintiff had been harmed multiple times through multiple kickbacks paid to

10  defendant by plaintiff's customers.  *Id.* at 190.  The court reasoned that the predicate acts "pose a threat

11  of continuing activity because they covered up a whole series of alleged kickbacks and receipts of

12  favors, occurred over several months, and in no way completed the criminal scheme."  *Id.* at 194

13  (emphasis added).  Rather than focusing on whether the predicate acts themselves constituted a pattern,

14  the court examined whether the alleged harm suffered by the victim posed a continued threat.  *Id.*

15  The Plaintiff also incorrectly contends that she need only allege continued predicate acts,

16  however, as set forth by the Ninth Circuit in *Sun Savings*, the focus is not on whether the predicate acts

17  themselves form a pattern, but rather whether the alleged harm suffered by the Plaintiff poses a

18

19  [3] The Plaintiff argues that in ruling on the SAC, the Court found Plaintiff had sufficiently alleged a pattern of racketeering activity and Plaintiff argues that ruling "must stand." Opp. at 11:10.  However, review of this Court's ruling on the motion to dismiss Plaintiff's SAC shows that Judge Lorenz found that Plaintiff had not sufficiently alleged a pattern of racketeering activity. *See* Order of March 28, 2011, Doc. No. 123, at 8:14-17.  Specifically, he noted that "Plaintiff has placed McCarty in the midst of her allegations against the Foley defendants in a conclusory way without setting forth specific facts that show McCarty was involved in a pattern of [racketeering] activity." *Id.* at 8:14-16.

20
21
22

23  [4] *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (holding that the "combination of these factors (single scheme, single injury, and few victims) makes it virtually impossible for plaintiff to state a RICO claim.")*; Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (no continued threat where, despite multiple predicate acts, "there is no suggestion that these defendants would have continued to tamper with witnesses, or that they ever intended anyone but [plaintiff] harm"); *Medallion TV Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360 (9th Cir. 1987) (no continued threat where multiple predicate acts were directed toward a single episode of fraudulently inducing only the plaintiff to enter a joint venture and provide funding); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986) (no continued threat where multiple predicate acts furthered a scheme to fraudulently divert a single shipment of goods); *Jarvis v. Regan*, 833 F.2d 149, 153 (9th Cir. 1985) (no continued threat where ultimate scheme to misappropriate government funds was "isolated and presented no threat of continuing," despite multiple predicate acts of mail and wire fraud).

24
25
26
27
28

1  continuing threat. *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987).  Plaintiff

2  contends that she need "only allege a series of related predicates extending over a substantial period of

3  time." (Doc. No. 186, p. 15).   However, the United States Supreme Court has made clear that for

4  purposes of the continuity requirement, "liability depends on whether the *threat* of continuity is

5  demonstrated." *H.J. Inc.*, 492 U.S. at 242 (emphasis in original).  Plaintiff simply has not alleged a

6  continued threat of harm as required to claim a RICO violation under 18 U.S.C. § 1962(c).

7          Based upon the foregoing, the Court finds that the alleged conduct does not rise to the "pattern"

8  of activity required by RICO.  Like *Edmondson* and *Medallion*, the allegations at best amount to a

9  single, finite scheme (not a continuous one) intended to deprive Plaintiff (and not other victims) of the

10  fair market value of her property.  *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d

11  1260, 1265 (D.C. Cir. 1995) (holding that the "combination of these factors (single scheme, single

12  injury, and few victims) makes it virtually impossible for plaintiff to state a RICO claim."); *Medallion*

13  *TV Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360 (9th Cir. 1987).  As such, Defendant McCarty's

14  motion for judgment on the pleadings is granted and Plaintiff's RICO claim against him is dismissed

15  with prejudice because further amendment would be futile.

16                                             ___Conclusion___

17          For the reasons set forth above, the Defendant McCarty's motion for judgment on the pleadings

18  is GRANTED and the Plaintiff's FAC is DISMISSED WITH PREJUDICE as to Defendant McCarty.

19  Insomuch as Defendant McCarty was the sole remaining defendant in this action, the Clerk of the Court

20  is instructed to enter judgment accordingly and close the case.

21          IT IS SO ORDERED.

22

23  DATED:  November 29, 2012

24                                             _____

25                                             Hon. Anthony J. Battaglia
                                               U.S. District Judge

26

27

28

05cv02112