UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN BROWN KEARNEY,<br><br>          Plaintiff,<br><br>v.<br><br>FOLEY & LARDNER, et al.,<br><br>          Defendants. | Case No.: 05-cv-02112-AJB-JLB<br><br>**ORDER DENYING MICHAEL T. MCCARTY'S MOTION FOR A JUDGMENT DEBTOR EXAM AND PRODUCTION OF DOCUMENTS**<br><br>**[ECF No. 336]** |

On May 15, 2019, Defendant and Judgment Creditor Michael T. McCarty filed a Motion for a Judgment Debtor Exam and Production of Documents from Judgment Debtor Joan Brown Kearney. (ECF No. 336.) For the reasons set forth below, the Court **DENIES** Judgment Creditor's motion without prejudice.

## I. BACKGROUND

Judgment Creditor attaches no declaration or affidavit to his motion. Judgment Creditor makes only a single factual assertion in his motion: "On October 31, 2016, this Court issued an Order taxing costs in favor of Defendant McCarty." (*Id.* at 1 (citing ECF No. 326).)

///

///

1

## II. DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Accordingly, in ruling on Judgment Creditor's motion, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 39 Cal. Rptr. 2d 432, 437 (Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court*, 101 Cal. Rptr. 2d 341, 345 (Ct. App. 2000), *disapproved on other grounds by Williams v. Superior Court*, 3 Cal. 5th 531 (2017), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment," *Troy v. Superior Court*, 231 Cal. Rptr. 108, 112 (Ct. App. 1986).

California Code of Civil Procedure § 708.110 provides:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.

///

> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit of otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 145.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708.110(a)–(e). Additionally, California Code of Civil Procedure § 491.150(b) provides:

> (b) A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.

Cal. Civ. Proc. Code § 491.150(b).

**B.      Analysis**

Judgment Creditor applies for an order requiring Judgment Debtor Joan Brown Kearney to appear and furnish information to aid in enforcement of the money judgment. (ECF No. 336.)

Judgment Creditor has failed to meet the requirements of California Civil Procedure Code § 708.110(a) in that he has failed to include a declaration establishing what, if any, portion of the judgment is currently unpaid. Judgment Creditor has failed to meet the requirements of California Civil Procedure Code § 708.110(b) and (c) in that he has failed

3

to establish either that Judgment Creditor has not examined Judgment Debtor within the last 120 days or that there is good cause to allow an examination within 120 days of the previous examinations. Judgment Creditor has failed to meet the requirements of California Civil Procedure Code § 409.150(b) in that Judgment Creditor has not demonstrated that Judgment Debtor resides in the county where the court is located or within 150 miles of the location of the court.

### III. CONCLUSION

Based on the foregoing, Judgment Creditor's Motion for a Judgment Debtor Exam and Production of Documents is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: May 16, 2019

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge