UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN BROWN KEARNEY,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>FOLEY & LARDNER, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 05-cv-02112-AJB-JLB<br><br>**ORDER GRANTING MICHAEL T. MCCARTY'S MOTION FOR A JUDGMENT DEBTOR EXAM AND PRODUCTION OF DOCUMENTS**<br><br>**[ECF No. 338]** |

On May 20, 2019, Defendant and Judgment Creditor Michael T. McCarty filed a Motion for a Judgment Debtor Exam and Production of Documents from Plaintiff and Judgment Debtor Joan Brown Kearney. (ECF No. 338.) For the reasons set forth below, the Court **GRANTS** Judgment Creditor's motion.

### I.    <u>BACKGROUND</u>

The District Court and the Ninth Circuit Court of Appeals have issued four orders awarding costs and fees against Judgment Debtor in favor of Judgment Creditor:

1. October 29, 2008 Order awarding $19,741.00 in attorney's fees to Judgment Creditor on his anti-slap motion (ECF No. 88);

2. October 7, 2011 Order by Ninth Circuit awarding $5,794.00 in attorney's fees to Judgment Creditor (ECF No. 146);

| | | |
|---|---|---|
|1| 3. | October 31, 2016 Order taxing costs of $18,356.58 in favor of Judgment |
|2| | Creditor (ECF No. 326); and |
|3| 4. | October 26, 2018 Order by Ninth Circuit taxing costs of $138.40 in favor of |
|4| | Judgment Creditor (Ninth Circuit Docket No. 57, 07-55566). |

On May 15, 2019, Judgment Creditor filed a Motion for Judgment Debtor Exam (ECF No. 336) which was denied without prejudice. (ECF No. 337.) On May 20, 2019, Judgment Creditor filed the instant Motion for a Judgment Debtor Exam and Production of Documents. (ECF No. 338.)

## II. DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Accordingly, in ruling on Judgment Creditor's motion, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 39 Cal. Rptr. 2d 432, 437 (Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court*, 101 Cal. Rptr. 2d 341, 345 (Ct. App. 2000), *disapproved on other grounds by Williams v. Superior Court*, 3 Cal. 5th 531 (2017), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment," *Troy v. Superior Court*, 231 Cal. Rptr. 108, 112 (Ct. App. 1986).

California Code of Civil Procedure § 708.110 provides:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit of otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 145.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708.110(a)–(e). Additionally, California Code of Civil Procedure § 491.150(b) provides:

> (b) A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.

Cal. Civ. Proc. Code § 491.150(b).

///

**B.     Analysis**

Judgment Creditor requests an order requiring Judgment Debtor to appear and furnish information to aid in enforcement of the money judgment. (ECF No. 338.)

Judgment Creditor has filed a declaration and supporting evidence to establish the requirements of: (1) California Civil Procedure Code § 708.110(a) that Judgment Debtor owes Judgment Creditor an unpaid debt; (2) California Civil Procedure Code § 708.110(b) that he has not examined Judgment Debtor within the last 120 days; and (3) California Civil Procedure Code § 409.150(b) that Judgment Debtor resides in the county where the court is located. (ECF No. 338-1 ¶¶ 6–7.)

## III.     CONCLUSION

Based on the foregoing, Judgment Creditor's Motion for a Judgment Debtor Exam and Production of Documents is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED**:

1. Judgment Debtor shall appear on **June 10, 2019,** at **10:00 AM** in the Jury Assembly Room, Room 203, James M. Carter & Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, to furnish information to aid in enforcement of the money judgment against Judgment Debtor;

2. Judgment Debtor shall bring with her to the judgment debtor exam all records, documents, statements, files, or other communications concerning, relating to, referring to, describing, or evidencing any and all of Judgment Debtor's assets and/or sources of income, either in Judgment Debtor's name or in which Judgment Debtor has a financial interest, including:
   a. Cash;
   b. Bank accounts, savings and loan accounts, credit union accounts, and other financial institution accounts;
   c. Automobiles, other vehicles, and boats;
   d. Real estate; and

///

    e. Other personal property, excluding furniture and furnishings, appliances, and clothing; and

3. Judgment Creditor must personally serve this order upon Judgment Debtor within **ten days** before the date set for the examination and must file a certificate of service with the Court.

**NOTICE TO JUDMENT DEBTOR: IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REAONABLE ATTORNEYS' FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**[1]

**IT IS SO ORDERED.**

Dated: May 24, 2019

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] This notice is furnished pursuant to California Code of Civil Procedure § 708.110(e).